## John Mizner v. Philip Kussell and another.

*Mortgages: Deceit: Future credit: Consideration.* A mortgage given by the mortgagor on the understanding that he should have a future credit, and which the agent of the mortgagee who took it knew would not have been given except upon that understanding, cannot be enforced for a different purpose; and where no future credit is given and no advances made, it will be held to be without consideration.

*Deceit: Impression: Literal meaning.* No one can evade the force of the impression which he knows another received from his words and conduct, and which he meant him to receive, by resorting to the literal meaning of his language alone. Every one is responsible for the belief he intentionally creates, whether by words or otherwise, and will be precluded from profiting by any unconscionable use of an obligation which has been thus wrongfully obtained.

*Submitted on briefs April 22. Decided April 23.*

Appeal in Chancery from Muskegon Circuit.

*Gray, Smith & Nims* and *Eggleston & Kleinhans,* for complainant.

*Edwin Potter* and *Cleaveland Hunt,* for defendants.

CAMPBELL, J.

The bill in this case was filed to set aside a mortgage given by complainant to defendants, which they were attempting to foreclose. The complainant claims that it was given in consideration of goods to be advanced, which defendants never furnished. The facts were in substance as follows:

In November, 1866, complainant was in Chicago, desirous of purchasing a further stock of goods from defendants, of whom he had before bought a considerable amount, of which something over $900 had not been paid for, and most of the amount was to run some time longer. There is no conflict upon the fact that the subject of making further sales on credit was discussed, or that it was contemplated they would be made upon satisfactory mortgage security. It is also beyond dispute that defendants were to send an

agent to Muskegon to take such security if satisfactory. There is a direct conflict as to whether the securing defendants on their existing debts was the only, or was any condition of the arrangement, and as to whether defendants were to be bound to make further sales.

An agent named Doty went to Muskegon, and while there took a chattel mortgage for one thousand dollars and a land mortgage for one thousand five hundred dollars, the latter being payable in 1867, with interest at ten per cent. The chattel mortgage recites that it is given to secure payment of the indebtedness already existing, and contains no specific conditions defining the debt, but secures it as something known. The real estate mortgage is in the ordinary form of a mortgage to secure a promissory note.

The land mortgaged was held by complainant under an executory contract from one Sanford, and was not paid for, there being one thousand dollars back. In order to enable complainant to mortgage it, Sanford deeded it to him upon the promise of a sufficient amount of the goods which defendants were to forward complainant, to pay up the purchase money.

The story that Doty tells is, in brief, that he was sent to get security for the existing debt, as the main purpose of his visit, and if complainant could give a good mortgage on a saw-mill property which should be worth seven thousand dollars, to take such mortgage to cover the existing debt and any future advances, but not under any circumstances to make any agreement that such advances should be made. That he found no such property as that spoken of was owned by complainant, and that he urged and induced complainant to give the securities in question for the existing debt, without any agreement for further advances, leaving those at the option of defendants.

Without going at length into the testimony, it is quite plain, in our opinion, that defendants and their agent were dishonest in their dealings with complainant, and led him into executing these papers, with the design of disappoint-

ing him about future sales. There can be no doubt, we think, that they knew perfectly well that complainant understood he was executing security for future dealings, and they meant he should so understand it. We think the testimony preponderates in favor of an express agreement to that effect. Mr. Sanford was induced to make title to the land for that purpose, and clearly given to understand it, and his conveyance for any other purpose would have been an act of extreme folly. The chattel mortgage was ample security for the existing debt, even if past due, and, having sold without any security in the first place, defendants had no right to demand any, and no apparent occasion for any. It may be that Doty and defendants, by a careful use of language, evaded expressing in words the agreement they meant complainant to understand they were making. But this is a species of cunning which amounts to nothing. Their whole conduct, and the impression it was designed to make, must determine their position. It is impossible to believe that complainant intended, or that they thought he intended, to obtain the title to this land from Sanford for the purpose of securing an existing debt, or to give a chattel mortgage with it, when he had no assurance that it would do him any good. The case is very similar to that of *Fisher v. Meister, 24 Mich., 447.* We have no doubt, from the facts of the whole case, that the only purpose of the land mortgage was to secure future advances.

The decree must be affirmed, with costs.

COOLEY and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.