STEPHEN C. HALL v. WALDO M. JOHNSON AND RICHARD O. WHEELER.

*Materiality of false representations—Presumption of evidence to support a charge.*

False representations, if not material to the transaction at issue, will not avoid an agreement even if relied on, where the person to whom they are made is of ordinary intelligence; where he is not, the fact should be shown.

An order signed by a wife jointly with her husband, directing that a note which belonged to her should be delivered to certain persons "as collateral security to their account against" the husband, amounts to a recognition or admission by her that the note was to go into their hands to secure payment of the amount owing them by her husband.

A charge will be presumed to be supported by the evidence in a case at law, if the record affirmatively shows that it does not contain the evidence in full.

Error to Muskegon. Submitted June 12. Decided July 1.

Assumpsit. Defendant Hall brings error.

*Smith, Nims & Erwin* for plaintiff in error.

*Norris & Uhl* for defendants in error. The transfer of a note as collateral passes title to the indorsee and he may sue on it in his own name, *McCarty v. Clark*, 10 Iowa, 588; *Tarbell v. Sturtevant*, 26 Vt., 513; *Manhattan Co. v. Reynolds*, 2 Hill, 140; *Bowman v. Wood*, 15 Mass., 534; *Jones v. Hawkins*, 17 Ind., 550; *Hilton v. Waring*, 7 Wis., 492; *Bank v. Chambers*, 11 Rich., 657; *Blake v. Buchanan*, 22 Vt., 548; *Bell v. Bell*, 12 Penn. St., 235; *Stiles v. Farrar*, 18 Vt., 444; *Rowe v. Haines*, 15 Ind., 445; Chitty on Bills, 74; any form of indorsement that shows an intention to transfer, is sufficient, *Herring v. Woodhull*, 29 Ill., 92.

Marston, J. This was an action of assumpsit brought to recover on a non-negotiable promissory note payable to Mrs. John W. Young and by her assigned to defendants in error as collateral security for the debt of her husband. The defense set up was that the note was given without consideration, and that it was never assigned to the plaintiffs,—defendants in error,—the same having been obtained by them by means of fraudulent representations made by their agent.

On the trial there was evidence given tending to show that the note was a gift to Mrs. Young without consideration, and there also was evidence tending to show there was a valuable consideration from the husband of the payee, to whom the note was first made payable, but afterwards and before delivery, changed by inserting before the name of the payee the abbreviation "Mrs.," thus making it payable to the wife of John W. Young.

There was also evidence introduced tending to show that the defendants below—the makers of the note—were informed of the transfer to the plaintiffs, and repeatedly, by letters to them, recognized and admitted the validity of the obligation, and promising and averring a willing-

ness to pay the same whenever a matter in dispute between Johnson & Wheeler and John W. Young should be adjusted.

We have not been able to discover any error committed in the admission of oral testimony or in receiving the various letters and orders admitted between plaintiffs and Mr. and Mrs. Young and between plaintiffs and defendant Hall.    Nor do we discover any error in the charge of the court, which submitted and left fairly to the jury every material disputed fact, under instructions as favorable as the defendant was entitled to.    The jury were instructed that the plaintiffs were bound by any statements or representations made by their agent to Mrs. Young for the purpose of inducing her to part with the note; that "if he made any representations that were false—that were untrue—that Mrs. Young relied upon, that induced her to part with the note, no matter for what purpose she parted with it, no title whatever, either as collateral security or otherwise, ever vested in these plaintiffs."    What instruction more favorable than this the defendant could be entitled to we fail to discover.

We do not understand counsel to complain of what is here quoted, but that previous to so charging, the court had said: "Did he, the agent, make any false statements—any false representations—for the purpose of obtaining the note, and which were material?"    This was said by the court in what might be called the introductory part of the charge, when the attention of the jury was being directed to the nature of the controversy and the general character of the questions at issue. When the court came to charge the jury—to give them instructions for their guidance when they would retire to deliberate—nothing was said as to the materiality of the representations, if any were made and found to be untrue.    Irrespective of their materiality, the jury were instructed that if false representations were made upon which Mrs. Young relied, and which induced her to part

with the note, plaintiffs could not recover. We are of opinion that even in this part of the charge the court must have had in mind material false representations, as she would not be likely to have relied upon immaterial representations or parted with the note upon the strength thereof. This view is most favorable to the plaintiff in error, and yet will not help him. False representations, no matter how acted upon, will not be sufficient to set aside an agreement otherwise valid unless they were material. Immaterial representations, whether true or false, cannot be made the basis of relief, even although coupled with the assertion that they were relied upon. They may constitute a moral wrong, but not a legal one. False representations may be made of such a character that no person of ordinary intelligence could be misled thereby, and that could have had no influence whatever in inducing the other party to enter into the agreement. What might be considered sufficiently material to induce one person to act, might have but little or no influence upon another, so that no definite rule can be laid down. In each case the court or jury must be satisfied that the representations if made were untrue, and as applied to the transaction, were material—of that character that a person of ordinary intelligence and possessing ordinary business qualifications would be likely to rely thereon and be misled thereby. If the person to whom the representations were made was below this standard, which the law presumes all to possess, such facts should be shown, where less material representations were relied upon.

Anything short of this would be unsafe and would render it exceedingly dangerous for parties to conduct the ordinary business transactions of the day. It frequently happens that representations are made while negotiations are pending, not strictly true. They may relate to the subject matter or have little or no reference thereto; neither party may place the slightest reliance thereon, yet should a dispute thereafter arise,

how easy for the person who imagined he was injured to assert that he relied upon the representations made —believed them to be true—and so believing was thereby induced to make the contract in dispute. It would indeed be difficult to disprove such an assertion if the materiality of the representations formed no part of the inquiry. The fraud must therefore be material to the transaction. If the representations relate to another matter, or to the one in dispute in but a trivial and unimportant manner, they would afford no sufficient ground to set aside the contract. 2 Parsons on Contracts, 267; *Frenzel v. Miller*, 37 Ind., 1: 10 Am., 62; *Seeley v. Price*, 14 Mich., 541; *Bristol v. Braidwood*, 28 Mich., 192; *Whiting v. Hill*, 23 Mich., 404; *Mizner v. Kussell*, 29 Mich., 231.

Another part of the instructions given in this connection and complained of, is what the court said in reference to the order (exhibit "B")* signed by Mrs. Young and forwarded to the plaintiffs. The court said this was an admission by her that the note was to go into their hands for the purpose of securing payment of the amount owing them by her husband. That this amounted to a recognition or admission by her as stated there could seem to be no possible doubt. The jury were to consider it in that light, giving to it such weight as they thought it entitled to.

Upon the question of a want of consideration and the effect thereof, the court charged as follows: "If it (the note) was a mere gift, no value whatever was given for it: that although it may have been transferred legally

---

*Exhibit B was as follows:

DETROIT, 9 Dec., 1874.

*John M. Fitch, Esq.:*

Please deliver to Mess. Johnson & Wheeler or order a certain note for one thousand dollars, placed in your hands in January, 1874, as collateral security to their account against J. W. Young, and oblige

LOUISA YOUNG,
JOHN W. YOUNG.

by Mrs. Young to these plaintiffs, yet this defendant would have the same right to defend the note against these plaintiffs as he would have to defend it against Mrs. Young, and that Mrs. Young could not recover a judgment upon the note: the note would be utterly void; it would be without consideration, consequently would be invalid in the hands of any purchaser, and especially invalid in the hands of these plaintiffs." This certainly was sufficiently favorable to the defense. It is claimed however in this connection that the following instructions were erroneous, as the question of consideration as well as all other matters of defense was thereby withdrawn from the jury:

"If it was given for any consideration, then the defense is not made out and your verdict must be for the plaintiffs. After the note had gone into the hands of the plaintiffs, gentlemen, the defendant had notice of it. He had a duty to perform in that regard, after he had received the notice that Messrs. Johnson & Wheeler had received this paper, and that duty was to disclose to them the conditions and the circumstances under which the note was given, and if he did not do so, and their rights as against Young were in any manner jeoparded or frittered away, so to speak; or in other words, if they in consequence of having this note, rested quietly and did not prosecute Young for the purpose of recovering their debt against him and thereby lost any right against him, then he (the defendant) cannot be heard to say in this court that this note is valueless,—that it was not given for any consideration; because by his own conduct—his own laches, so to speak—he has prevented these plaintiffs from acquiring what they would otherwise have acquired, in reliance upon the promise of the defendant to pay the sum of $1,000, out of which they could have collected their debt. He would be estopped, so to speak, from making any defense of the kind and nature that he makes here to this note."

It is said that the only evidence upon which this charge was based was that of one of the plaintiffs, who testified that upon receipt of the letters from defendant, agreeing to pay the note, and suggesting no defense thereto, plaintiffs took no steps to collect their claim against John W. Young. This may be true, but the

record does not so state. The record does not purport to contain all the evidence, and affirmatively shows that it does not. We must presume that the evidence given warranted the court in giving such instructions, if any evidence could. It is certainly very clear, from a read-ing of these letters, written some of them by defendant and some under his directions, that parties receiving them must have come to the conclusion that this note constituted a valid subsisting claim against the defend-ant; and that he had no defense thereto. Not the slight-est intimation is given that the note was voidable for want of consideration or for any other cause. The expressed desire and willingness of the defendant to pay it indicates most clearly the contrary.

While all this might not be conclusive, yet if plaintiffs relying thereon took no steps to enforce their claim against their principal debtor, and were injured thereby, they should not be the losers. Just what showing would be necessary to estop the defendant under such circum-stances we need not determine, and cannot as the record stands in this case. We discover no error in the record and the judgment must be affirmed with costs.

The other Justices concurred.