DANIEL J. DAVIS AND THOMAS RANKIN v. E. S. DAVIS ET AL.

[See 84 Mich. 324.]

*Sale—False representations—Evidence—Damages.*

1. The *materiality* of representations upon which a party claims to have relied in purchasing property is a question of fact for the jury, and it is error to instruct them to find whether the representations were *deemed by the party* to be material.

2. Where in a suit brought to recover the purchase price of milk cans sold to the defendants for creamery purposes, with the right to use them in certain designated territory, the vendees seek to recoup damages on account of the alleged failure of the title of plaintiffs to the territory, it is competent for them to show that the plaintiffs' agent, who made the sale, represented that as soon as the defendants' creamery was completed another creamery company, then operating in the territory, would have to leave it, and that the purchase was made with that understanding and in reliance upon such representation.

3. Defendants may show, as establishing a proper element of their damages, that they relied in making the purchase upon the

agent's representation, which he knew to be false, that 600 cans would operate the creamery, and the cost of the additional cans required for its operation.

4. Evidence of the rental value of the territory is admissible to show its value, and the loss sustained by reason of the failure of title.

Error to Sanilac. (Beach, J.) Argued October 11, 1893. Decided November 10, 1893.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion, and in 84 Mich. 324.

*William A. Mills* and *E. F. Bacon*, for appellants.
*Avery Bros. & Walsh,* for defendants.

LONG, J. This case was in this Court at the October term, 1890, and was reversed, and remanded for a new trial.. The facts are very fully stated in that opinion, which is reported in 84 Mich. 324. At the first trial the claim of damages by defendants was based upon loss of profits sustained by them. It was said by this Court that the testimony was too uncertain and speculative in character to furnish any reliable *data* upon which to estimate profits. The defendants, before trial again came on in the court below, filed an amended plea and notice, and their claim of damages is now based upon failure of title to the territory sold to them by plaintiffs. The court directed the jury that—

"The defendants' claim as to damages is that the property was rendered valueless by what they claim to be the fact that the title to the territory was held by the Port Huron Creamery Company, and that the material on hand, their buildings, engine, etc., were rendered valueless for that particular business, and that they have no value except what they would be valuable for in some other business,—what they could be sold for."

The defendants had judgment in their favor, and plaintiffs bring error.

The case went to the jury upon the theory, as to damages, that defendants would be entitled to recover what they had actually lost by reason of the failure of title to the territory, and not upon the question of profits, as upon the former trial.

The first and second assignments of error relate to the ruling of the court in permitting defendant Canham to testify that plaintiffs' agent stated that just as soon as the creamery was completed the Port Huron people would have to get out of the territory, and that the purchase was made with that understanding; and also that, if they had known that the Port Huron people had a right to occupy the territory, they would not have given the notes. This was competent testimony. The claim made by defendants was that plaintiffs' agent falsely represented that the plaintiffs had title to certain territory in which to use the Fairlamb can, and that defendants purchased in reliance upon such representations. The fullest inquiry was permissible. The testimony was admitted under the theory that a false and fraudulent representation had been made as to an existing fact, and that defendants relied upon it in giving the note.

The court was asked by plaintiffs' counsel to instruct the jury that the Port Huron company had no title to the territory sold to defendants, and therefore the plaintiffs could not be made liable to defendants on account of such occupation by the Port Huron company. This was refused, and the question left to the jury to determine whether a sale had been made by plaintiffs to the Port Huron company, with the instruction that, if it had not been made, the plaintiffs should recover on the note. There was some evidence to go to the jury on this question, and it was fairly submitted to them under the charge of the court.

Complaint is also made that the court erred in permitting

the defendants to testify to statements made by plaintiffs' agent as to how many cans it would take to operate the creamery at its full capacity.   Defendants claim that it was represented by plaintiffs' agent that 600 cans would operate the creamery, but that it took 200 more; that the cans were a part of the outfit of the creamery, and they were compelled to purchase so many more to operate with; that the statement had no reference to the amount of cream they could gather in the territory, but was the statement of a fact which plaintiffs' agent ought to have known was false; that they purchased the creamery outfit in reliance upon this statement, and, by reason of its falsity, were compelled to expend a large sum of money in the purchase of additional cans.   This was a proper element of damages.

In order to prove the value of the territory purchased and the loss sustained by reason of the failure of title, defendants were permitted to show the rental value of the territory.   No question of profits entered into it, and this was a fair way of showing its value and the damages sustained.

One further clause in the charge is complained of.   The court charged:

"If you shall determine that these representations were made, as claimed by the defendants, in relation to the title to the territory, then it is a material question for you to determine whether such representations were deemed by the defendants to be material at that time, and operated in the minds of the defendants as a material inducement for them to enter into the contract."

It is, in effect, conceded by defendants' counsel that this statement, standing alone, would not be a statement of the law applicable to the case; but counsel claim that it must be read in connection with other portions of the charge.   We think it was not cured by other portions of the charge referred to.   The court did charge that the

burden of proof was upon the defendants to show the fact of the value of the plant and territory, but the jury were not instructed to find whether the representations were material, and operated upon the minds of the defendants. Instead, they were asked to find whether those representations were deemed by defendants to be material. This was for the jury to judge of, as any other fact in the case, and not for the defendants to say whether they deemed them to be material. *Hall v. Johnson*, 41 Mich. 286.

For this error the judgment must be reversed, and a new trial ordered.

The other Justices concurred.