DANIEL J. DAVIS AND THOMAS RANKIN v. E. S. DAVIS ET AL.

[See 84 Mich. 324; 97 Id. 419.]

*False representations—Materiality—Instructions to jury.*

Where in a suit brought to recover the purchase price of milk cans sold to the defendants for creamery purposes, with the right to use them in certain designated territory, the defendants claim that they purchased the cans in reliance upon the representations of the plaintiffs that they had a perfect title, and in the belief that defendants would have the exclusive right to the territory, and seek to recoup damages on account of the alleged failure of the title of plaintiffs to the territory, it would not be error for the court to instruct the jury that the representations as to title, if made, were material, and hence the instruction that the jury shall determine whether the representations were *deemed* by the defendants to be material cannot prejudice the plaintiffs' rights.

Rehearing, upon application of defendants, of case reported in 97 Mich. 419. Argued April 3, 1894. Decided April 17, 1894. Former decision reversed. The facts are stated in 84 Mich. 324, and 97 Id. 419.

*William A. Mills* and *E. F. Bacon,* for plaintiffs (appellants).

*Avery Bros. & Walsh,* for defendants.

LONG, J. This case was heard at the October term, 1893, of this Court, and is reported in 97 Mich. 419. It seems that some misunderstanding has arisen as to what was conceded on the part of counsel for the defendants. It was said in the former opinion that the portion of the charge set out was conceded by counsel to be erroneous, but claimed to have been cured by other portions of the charge. Motion for rehearing was made and granted, and the cause has been again argued upon that point by both sides.

We are now satisfied that there was no error in that portion of the charge. The representation referred to by the learned circuit judge was in reference to the title to the territory. The defendants claimed to have relied upon the representation that the plaintiffs had a perfect title, and purchased the cans in the belief that they would have the exclusive right to the territory. The representations as to title were material, and, if the court had so instructed the jury, it would not have been error. Therefore the fact that the jury were instructed that they should determine whether the defendants deemed them to be material did not in any manner prejudice the plaintiffs' rights.

The judgment must be affirmed.

The other Justices concurred.