CASE 106—FIRE INSURANCE—MARCH 1.

# Queen Insurance Company v. McCoin.

APPEAL FROM WARREN CIRCUIT COURT.

FIRE INSURANCE—WHISKY IN BOND—INSTRUCTIONS.—On the trial of an action on a policy insuring the appellee against all direct loss or damage by fire to whisky in bond, it was not error to refuse to instruct the jury that they might deduct from the amount of loss, the tax due the government.

MITCHELL & DuBOSE, FOR APPELLANT.

1. The right of property and the liability for the internal revenue tax on whisky in bond, are separate interests, and either or both may be the subject of insurance. Revised Statutes of U. S., sec. 3223; Germania Ins. Co. v. Thompson, 5 Otto, 547.

2. A policy of insurance embracing only the property right will not include recovery for the amount of the government tax. May on Insurance, vol. 2, sec. 434.

3. Where the terms of the policy are broad enough to cover both interests, and it is alleged and proven that it was the intent of the contract, to include both, and it is further averred and proven that the property has been destroyed by fire and is bound for or had paid the government tax, a recovery may be had for both. Hedger v. Union Ins. Co., 17 Fed. Rep., 498.

4. When the terms of the policy do not specially include the government tax and there is no allegation of liability therefor no recovery can be had.

SAME COUNSEL IN A PETITION FOR A REHEARING.

The tax was not within the language 'direct loss" contained in the policy.

Queen Insurance Co. v. McCoin.

P. F. EDWARDS FOR APPELLEE.

The government tax was covered by the policy. Hedger v. Union Ins. Co., 17 Fed. Rep., 498; Ins. Co. v. Thompson, 5 Otto, 547.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee was a distiller, and had whisky in a bonded warehouse. The appellant issued a policy of insurance on the whisky, by the terms of which the appellee was insured against all direct loss or damage by fire. The tax due on the whisky to the United States Government had not been paid. The court below refused to instruct the jury so as to allow it to deduct the amount of tax from the amount of loss which it found the appellee had sustained. The question for review is, did the court err in so ruling?.

The appellee was the owner of the whisky, subject to tax burden on it. The title to the whisky was in him, and he had the right to insure it, so as to protect himself against loss. The United States Government had no proprietary right to the whisky. It simply had possession of it through its officers, to protect and enforce its tax claim. By the terms of the policy, the appellee's entire interest in the whisky was insured, and the amount to be paid in any event was not to exceed $1,700. The government had never released its claim against appellee for the tax due on the whisky.

Under section 3223, Revised Statutes of the United States, the government will not remit the tax if there is a valid claim of insurance upon the whisky when destroyed. The destruction of the whisky by fire did not release the insured from his liability for the tax due on it.

There is nothing in the case of Insurance Cos. v. Thompson, 95 U. S., 547, which is opposed to the conclusion we have reached in this case. The court in that case simply held that a liability for the tax due on whisky in the ware-

house is an insurable interest (Thompson, etc., being liable as sureties of the distiller for the tax); that, where the insured had two distinct interests in the property,—the general ownership of it, and liability for the tax on it,—the policy may be issued to protect both of these interests from loss or damage by fire. In this case the contracting parties treated the insured as the sole owner of the property, and it was so insured. The mere fact that it was burdened with a revenue tax did not affect the rights of the parties to make the contract in question. The judgment is affirmed.