## FIDELITY UNION FIRE INS. CO. v. MITCHELL. (No. 2027.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Insurance ⬥280—Misstatement of acreage in hail policy not material.**

Where an application for hail insurance on a field of cotton stated the acreage as 100 acres, whereas in fact the field contained but a fraction more than 60 acres, the policy was not avoided thereby, Rev. St. art. 4947, providing that misstatements shall not constitute a defense unless material to the risk or actually contributing to the loss, and the only effect of the misstatement being that insured paid a greater premium than would be the case otherwise.

**2. Insurance ⬥670 — Finding that insured would not have issued hail policy in suit had defendant not misstated acreage held not inconsistent with verdict for plaintiff.**

In an action on a hail insurance policy, where the application stated the field to contain 100 acres, whereas in fact it contained but 60 acres, the finding of the jury that defendant insurance company would not "have issued the policy sued on if the plaintiff had truthfully stated in his application the number of acres actually covered by his cotton" was not in conflict with a verdict for insured, its effect being that defendant would not have issued a policy covering 100 acres had it known that there were only 60 acres, and the testimony indicating that the insurance company would have accepted insurance on an amount less than 100 acres.

**3. Pleading ⬥398—No variance to surprise in action on policy covering 100 acres where defendant's proof showed but 60 acres.**

In an action on a hail insurance policy covering 100 acres of cotton, evidence that the field of cotton contained but 60 acres did not make a variance between the pleading and proof where the defendant made that issue itself by its pleading and proof, and so was not surprised thereby.

**4. Insurance ⬥500—Hail policy fixing the amount payable at agreed amount per acre held a valued policy.**

A policy of hail insurance on field of cotton providing that the amount payable in case of total destruction should be a stated amount per acre, and in case of partial loss should be a proportional part of the amount stated, and the proof of loss required being, not the actual value of the crops destroyed, but the percentage of damage, and providing for the assessment of partial liability if loss by hail occurred before certain specified dates, and nowhere providing that the measure of liability is the actual value of the damage to the crop nor requiring proof of actual value of crop destroyed, *held* a valued policy.

**5. Insurance ⬥146(3) — Policy construed most strongly against the insurer.**

In case of doubt a hail insurance policy should be construed most strongly against the insurer.

**6. Insurance ⬥138(1)—Valued hail policy not illegal as wagering contract.**

A hail policy which fixes the amount payable in case of total loss at a stated amount per acre, and in case of partial loss at a proportionate amount per acre, dependent on the date of the loss, is not illegal as being a wagering contract; the rule being that, where the valuation of the property or the extent of liability is fixed in good faith, it is binding.

**7. Insurance ⬥165—Hail policy held not void for insufficiency of description of land.**

A hail insurance policy covering a field of cotton *held* not void for uncertainty of description where the policy described the property as "all interest in 100 acres of cotton in section 104, block 2, T. & P. Ry. Co., in Hall county, Tex., as per diagram below," and the diagram referred to shows the section with a plat marked "100 acres" in the southeast corner, where the plaintiff in the application stated that he was the owner of the land, and on the trial testified without objection that such land was all his cotton land.

Appeal from Hall County Court; W. A. McIntosh, Judge.

Action by H. Mitchell against the Fidelity Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Ocie Speer, of Fort Worth, for appellant. Morton & Fitzgerald, of Memphis, for appellee.

BOYCE, J. This is an appeal from a judgment in favor of appellee, Mitchell, against the appellant, Fidelity Union Fire Insurance Company, on a hail insurance policy written by appellant on plaintiff's field of cotton.

[1] It was stated in the application for the insurance and in the policy, that the field contained 100 acres. Plaintiff and several witnesses testified that in their opinion that was about the acreage of the field. It was shown by actual survey, and the jury found, that it contained only 60.85 acres, and appellant contends that this misstatement of the acreage avoids the policy. Article 4947, Revised Statutes, which provides that "statements made in the application for such contract, or in the contract of insurance," shall not constitute a defense to a suit on the policy unless it be shown that the misrepresentations were "material to the risk or actually contributed" to the loss, applies to insurance of this kind. St. Paul Insurance Co. v. Pipkin (Tex. Civ. App.) 207 S. W. 360. We also think that the provisions of this article apply to statements of this character. Mecca Fire Insurance Co. v. Stricker (Tex. Civ. App.) 136 S. W. 599; Liverpool & London & Globe Ins. Co. v. Lester (Tex. Civ. App.) 176 S. W. 602; National Life Ass'n v. Hagelstein (Tex. Civ. App.) 156 S. W. 356. The premium was paid by the acre on 100

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

acres. Liability was determined by the actual acreage, and the misstatement in this way was, if anything, beneficial to defendant. The jury found that it was not material to the risk, and we think this finding settles this proposition unless it is in conflict with the finding on another issue, mentioned later. We do not regard cases such as Humphrey v. National Fire Insurance Co. (Tex. Com. App.) 231 S. W. 750, which construe article 4874a as being in point.

[2] In response to one issue the jury found that the defendant would not "have issued the policy sued on if the plaintiff had truthfully stated in his application the number of acres actually covered by his cotton." And appellant contends that this finding is in conflict with the one above considered as to the materiality of the misstatement. There are authorities which hold that action induced by the representations is the test of their materiality. Others are to the contrary. Compare Valton v. National Fund Life Assur. Co., 20 N. Y. 32, and Davis v. Davis, 97 Mich. 419, 56 N. W. 774, and see 26 C. J. pp. 1103 and 1104, § 34. Whatever may be the correct rule, we do not think there is any necessary conflict in the two findings in this case. The jury did not find that defendant would not have insured plaintiff's 60-acre field on a correct statement of the acreage. The effect of the finding is merely that it would not have issued the policy it did—that is, a policy insuring 100 acres of cotton—had it known that there were only 60 acres. Defendant's agent testified that, so far as he knew, "we would have accepted it [the insurance] in an amount less than 100 acres."

[3] The appellant was not surprised by the showing that the field of cotton insured contained 60 acres; it made that issue by pleading and proof. So that we do not think there was a variance between the pleading and proof that would be fatal to the judgment. Combest v. Wall (Tex. Civ. App.) 115 S. W. 354; Brown v. Sullivan, 71 Tex. 470, 10 S. W. 288; Lasater v. Van Hook, 77 Tex. 650, 14 S. W. 270.

[4, 5] It is next contended that the policy sued on was not a "valued policy," and that there was no proof of actual loss. We held in the case of St. Paul Fire & Marine Insurance Co. v. Pipkin (Tex. Civ. App.) 207 S. W. 361, that a policy containing terms similar to the one here sued on was a valued policy. We think this is the character of the policy now under consideration. In addition to the express provision that the amount payable in case of total destruction should be the stated amount per acre, and in case of partial loss should be a proportional part of the stated amount, the provisions for proof of loss require proof, not of the actual value of the crops destroyed, but of "the percentage of damage." The policies also contain provisions that, if damage by hail occurs pri-

or to June 16th, the liability shall "not exceed one-third of the ascertained loss," and, if loss occurs between June 16th and prior to June 30th, the liability shall not exceed two-thirds "of the ascertained loss," and thereupon the insurance upon each acre shall be reduced in the "amount of the total ascertained loss." Nowhere in the policy is it stated that the measure of the liability is the actual value of the damage to the crops; nor is there any requirement anywhere that plaintiff make proof of the actual value of the crops when destroyed or injured. In the event of partial destruction of the crops the plaintiff could not have recovered the $20 per acre, though his actual damages may have been much more than such amount, but could have recovered only the percentage of damage with $20 per acre representing value of a total loss. The provisions of the policy, we think, evidence an intent to fix liability on the basis of an agreed amount per acre, rather than to leave the ascertainment of liability to proof of actual value of the crop destroyed or injured—a matter incapable of establishment with any degree of exactness. The construction insisted upon by the appellant would result wholly in favor of the insurance company. Of course, if that is the clear meaning of the language, we should give it effect, but in case of doubt the policy should be construed most strongly against the insurer. Liverpool & London & Globe Ins. Co. v. Kearney, 180 U. S. 132, 21 Sup. Ct. 326, 45 L. Ed. 460.

[6] Appellant's proposition that a valued policy is, except where legalized by statute, illegal as being a wagering contract, is not sustained by the authorities. O'Brien v. North River Ins. Co., 212 Fed. 103, 128 C. C. A. 618, L. R. A. 1917C, 722; Empire Development Co. v. Title Guarantee Co., 225 N. Y. 53, 121 N. E. 468; Borden v. Hingham Fire Insurance Co., 18 Pick. (Mass.) 523, 29 Am. Dec. 614; Joyce on Insurance, 159–161; 26 C. J. 353, 354; Cooley's Briefs on Insurance, p. 3087; May on Insurance, §§ 30, 31. All these authorities, and others which might be cited to the same effect, announce the rule to be that, where the valuation of the property or the extent of the liability is fixed in good faith, it is binding, and there is no suggestion that such contracts are illegal as constituting a wager. The only authorities cited by appellee to sustain its proposition are the cases of Georgia Ass'n Co. v. Lanier, 1 Ga. App. 186, 57 S. E. 910; Norwich, etc., Co. v. Grocery Co., 16 Ga. App. 432, 85 S. E. 623. These cases appear to be based on the provisions of the Georgia statutes, and we do not think they are in point here.

The pleadings are sufficient, in our opinion, to warrant recovery on this theory of the legal effect of the policy.

[7] The policy described the property insured as follows:

"All interest in 100 acres of cotton in section 104, block 2, T. & P. Ry. Co., in Hall county, Tex., as per diagram below."

The diagram referred to shows the section with a plat marked "100 acres," cut off out of the southeast corner. The plaintiff stated in the application that he was the owner of the land, and testified on the trial without objection that this was all the land he had planted in cotton, and that it was located in the section, about as shown by the diagram, and several witnesses estimated the acreage to be about 100 acres. Appellant now contends that the policy is void for uncertainty in description. We do not think so. It is always admissible to admit evidence to place those seeking for the meaning of a writing in the position of the parties to it. If the language of the instrument makes clear the meaning of the parties to one in this position, then there is no such uncertainty in the writing as will avoid it. There is no uncertainty of description when this rule is applied to the facts of this case. Pierson v. Sanger, 93 Tex. 160, 53 S. W. 1012; Fort Worth National Bank v. Red River National Bank, 84 Tex. 369, 19 S. W. 517; Kirk v. Brazos County, 73 Tex. 56, 11 S. W. 143; Long v. Martin (Tex. Civ. App.) 234 S. W. 97; Adams v. Maris (Tex. Com. App.) 213 S. W. 627.

Affirmed.