## Hartford Live Stock Insurance Co. v. Gibson et al.

(Decided Nov. 13, 1934.)

J. PELHAM JOHNSTON for appellant.

FOWLER, WALLACE & FOWLER, J. T. FARMER and JOHN B. SHANNON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The suit involves the application and validity of what is commonly called the "Valued Policy Statute" pertaining to the insurance of live stock.

The appellant issued three policies, identical in form, insuring the appellee against loss resulting from death by fire or certain other means of three pedigreed saddle horses. The horses were burned to death in a fire which destroyed their barn and the appellee has recovered a judgment on the policies for $3,000. This was upon a directed verdict in a trial in which the issues were controlled by section 701, Kentucky Statutes, and its effect upon the insurance contracts. That section is as follows:

"'That insurance companies that take life or accident risks on live stock in this Commonwealth shall, after this act takes effect, in case of the death of any such stock so insured, be liable for the full estimated value of the same as the value thereof is fixed in the face of such policy: Provided, however, that the insured shall be liable for any fraud he may practice in fixing the value of such property, if the company be misled thereby."

1. The appellant contends that the contract by its terms is an open and not a valued policy, the difference between the two forms being thus given in Insurance Company of North America v. Willey, 212 Mass. 75, 98 N. E. 677:

"The difference between the two is this: A valued policy is one where the parties by the contract of insurance fix for the purpose of the risk a definite value of the property insured so that dispute on that subject is foreclosed for all time thereafter, except in cases of fraud or wager, no matter how high the valuation may be. [Citations.] An open or unvalued policy is one where the value of the property insured is not settled in the policy, and in case of loss must be agreed upon or proved."

See, also, Cyclopedia of Insurance Law, Couch, sec. 74.

It is argued that the policy does not attempt to estimate or state the value of the animal insured and only undertakes to insure against loss of its actual cash value which is fixed at a maximum of $1,000, hence that the statute is not applicable. The policy recites that in consideration of the payment of $50 premium and the specified conditions of the policy, the company insured the owner of the horse during the period stated "for an amount not exceeding One Thousand Dollars as follows." Then is set out a schedule describing the animal, and under the heading "Amount Insured" is "$1,-000." That figure also appears at the top of the policy as indicating its amount. In the section headed "Extent of Coverage" is the following clause:

"This company shall not be liable, as to any animal insured hereunder, for an amount exceeding the amount for which the animal is stated to be insured in the schedule written in this policy, nor in any event exceeding its actual cash value at the time injury or disease causing loss is sustained or contracted, if its actual cash value is less than the amount for which the animal is so stated to be insured; nor shall this company be liable for the removal or disposal of the remains of any animal nor for any expense thereof."

There is a provision for the cancellation of the policy by either party upon notice and a refund of unearned premium according to the rates set out in the table. There is also a similar provision for the reduction of the amount of insurance with an appropriate refund.

Whether this could be regarded as a purely open policy independent of any statute of control is im-

material. The question is whether it is such as the statute converts into a valued policy regardless of any terms of limitation. The sum of $1,000 is that referred to in the clause undertaking to make it emphatic that the company should not be liable "for an amount exceeding the amount for which the animal is stated to be insured in the schedule written into the policy." It is likewise the sum referred to in that same clause undertaking to limit liability in any event to the actual cash value of the animal at the time of injury or death if that value should be less than "the amount for which the animal is so stated to be insured."

If there is anything in the contract that indicates an intention on the part of the insurer to value the risk in whatever words or form expressed, it is a valued policy and not an open one. A policy is for a definite amount when that amount is definitely stipulated, notwithstanding another portion of the policy provides that the insurance shall not exceed such stipulated sum. Smith v. Caledonia Insurance Company, 195 Mo. App. 379, 191 S. W. 1034. The premium may be resorted to as a guide to discover the amount intended to be insured. Section 582, Cyclopedia of the Law of Insurance. As stated in Germania Insurance Company v. Ashby, 112 Ky. 303, 65 S. W. 611, 612, 99 Am. St. Rep. 295, "the value placed in the policy on which the premium is paid is the value to be paid in case of loss." The premium here was definite and was undoubtedly based upon the definite liability of $1,000. There is no provision whatsoever for any reduction or refund of part of that premium should the sum paid as a loss be less than that stipulated. Of significance, it seems to us, is the provision for a reduction in fixed value and the premium proportionately during the term of the policy. If at any time the insured believed the animal was overinsured, it was thereby enabled to protect itself. There would be no need for the reservation of such right if the company was in any and all events merely carrying the risk at its actual cash value. If the stated sum of $1,000 be regarded as merely the maximum limit of liability and not the measure thereof, the company cannot get away from the fact that it is an estimate of value and that the statute, as we have quoted, converts it into a liquidated demand for it makes the company liable in case of death of the animal "for the full estimated value of the same as the value thereof

is fixed in the face of such policy," subject to reduction by proof of fraud on the part of the insured in fixing that value.

To this extent section 701 of the Statutes is the same as section 762a-22 relating to the insurance of real property. The history, rationale, and effectiveness of that statute to bind the insurance company to the estimated value fixed when the contract was made, any provision in the policy to the contrary notwithstanding, has been recently reviewed in Horn v. Atlas Assurance Society, 241 Ky. 226, 43 S. W. (2d) 675, and London & Provincial Marine & Fire Insurance Company v. Mullins, 253 Ky. 411, 69 S. W. (2d) 735. We think it manifest that the clause in the policy before us limiting the amount of liability to any sum less than $1,000 must yield to the peremptory mandate of the statute. Caledonia Insurance Company v. Cooke, 101 Ky. 412, 41 S. W. 279, 19 Ky. Law Rep. 651; Hartford Fire Insurance Company v. Bourbon County Court, 115 Ky. 109, 72 S. W. 739, 24 Ky. Law Rep. 1850; Horn v. Atlas Assurance Society, supra.

We have not overlooked section 158a of Joyce's The Law of Insurance, which says that if the policy contains no words showing what the property is worth or valued at, but, on the contrary, shows that the intent of the parties is that proof of value should be offered in case of loss, it is an open and not a valued policy. Our attention is also particularly drawn to the case cited in support of that text. Ulmer v. Phœnix Fire Insurance Company, 61 S. C. 459, 39 S. E. 712, 713. That case is quite different. The policy was issued on a building in the course of construction, when no valuation at any specific time could have been placed upon it, and it simply insured "to an amount not exceeding $450." It is noted in the opinion that the policy contained nothing to show a purpose to fix the value, but did show an intent to leave it open. The court held that under the statute it could not be made a valued policy. It is also pointed out in the opinion that the statute "contains no provision requiring that the amount named in the policy shall be construed to be the value of the property insured, or conclusive evidence of such value," and that it did not prohibit the issuance of such a policy. The case, therefore, is distinguishable both on the terms of the policy and the terms of the statute.

2. The constitutionality of the statute is challenged. Counsel recognizes that generally valued policy statutes, which are common to most of the states, and particularly in relation to real property, are constitutional. But he submits that the statute involved in this case (section 701, Kentucky Statutes) is different in a material and vital respect. Unlike section 762a-22, this statute does not provide for the consideration of any diminution in the estimated value because of depreciation or deterioration in the live stock between the date the value was fixed at the issuance of the policy and the date the liability became fixed at the time of the loss.

It is the contention of the appellant that without such provision the legislation unreasonably restricts and abridges the company's freedom and right to contract and deprives it of its property in violation of the due process clause of the Federal Constitution (Amendment 14). Truly, the fundamental principle of insurance is indemnity; the policy is an agreement of the parties in which the insurer contracts to indemnify or give compensation to the insured for loss suffered; it is designed that the obligation shall come into operation after the loss and that loss must bear a true relation to the money value of the interest the party insured had in the property. Germania Fire Insurance Company v. Thompson, 95 U. S. 547, 24 L. Ed. 487; Imperial Fire Insurance Company v. County of Coos, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231. Therefore, it is argued that without provision for intermediate depreciation in value, the statute wipes out those basic principles and nullifies the fundamental theory and purpose of insurance contracts, for it takes no heed of indemnity nor of the actual loss sustained, since it declares that the maximum amount of insurance in a policy shall be taken conclusively as the value of property loss when it is destroyed at a later time. Appellant further states its contention thus:

> "In the statute under consideration the 'compulsion of the law' fixes an absolute and unchangeable value, taking no heed of hazards entirely foreign to the policy. What the law has declared to be a contract of indemnity becomes a fixed liability, regardless of the actual loss sustained and regardless of the time at which it occurred and the causes which produced it. Such a loss puts a premium on arson and offers a reward for negligence."

Laws are restrictive, protective, or fiscal. Statutes

of this character are restrictive on the insurer and protective of the insured. The business of insurance so affects public welfare as to be a proper subject for reasonable regulation by the state through the elimination of ingenious and ambiguous provisions and the avoidance of disadvantages from which policyholders might suffer grevious injustice. Specifically, the state may raise a guard against overinsurance and carelessness and the resulting disputes. It may be observed that contract rights are not absolute but must yield to the public good. Valued policy statutes and similar legislation have been many times criticized and assailed mainly upon the ground that they abridge the rights of the parties freely to enter into such contracts as they desire and they import an arbitrary standard. But those views have not generally been adopted and the validity of the statutes has been quite uniformly upheld as against various constitutional objections. Section 74b, Couch's Cyclopedia of Insurance Law; Cooley's Brief on Insurance, page 5101. In the leading case of Orient Insurance Company v. Daggs, 172 U. S. 557, 19 S. Ct. 281, 284, 43 L. Ed. 552, it was held that such a statute does not make a contract for the parties but leaves absolute freedom in that respect by permitting them to fix the valuation of the property or the amount of indemnity to be paid upon such prudence and inquiry as they choose. Said the court in this connection:

"It only ascribes estoppel after this is done,—estoppel, it must be observed, to the acts of the parties, and only to their acts, in open and honest dealing. Its presumptions cannot be urged against fraud, and it permits the subsequent depreciation of the property to be shown."

True it is that the court was dealing with a statute which made provision for diminution in value for subsequent depreciation. But estoppel is the basis of the statute and the principle supporting the decisions. It is estoppel invoked upon good grounds as has been often described in the opinions of this and other courts. Though the statute without provision for depreciation is stricter in its restraint, the same principle sustains it.

In Hartford Fire Insurance Company v. Redding, 47 Fla. 228, 37 So. 62, 65, 67 L. R. A. 518, 110 Am. St. Rep. 118, a similar attack was made upon a valued policy statute which did not contain any provision for reduc-

tion by reason of depreciation, and the court held it to be constitutional. It well said:

> "In fixing the insurable value, the insurer can consider depreciation as an element, and protect itself against ordinary depreciation in that way."

In the policies now being tested at bar, the company did make provision for its protection by reserving that right to reduce the amount of the insurance with the consequent reduction of the premium. But it took no advantage of that right and awaited the destruction of the horses and the difficulties of proving their value before it claimed an over-valuation of $750 on each $150 horse. It is doubtful if the company would ever have thought of returning a part of the premium because of over-valuation, real or conceived, after the year covered by the policy had expired if there had been no claim for loss.

Whether the parties in some other case would be entitled to the benefit of depreciation in value of animals insured even in the absence of the provision of the statute allowing such deduction upon the ground that the change arose from a supervening cause, we need not determine. See Cooley's Brief on Insurance, page 5105, citing Missouri cases construing a statute providing for insurance at three-fourths of the value fixed at the time of the issuance of the policy but omitting provision for depreciation. See, also, Gragg & Gragg v. Northwestern National Insurance Company, 132 Mo. App. 405, 111 S. W. 1184. There is no plea in this case of depreciation in value of the horses insured by the policies. The defense was merely that none of them was worth over $150 at the time of the loss. The failure of the statute to prescribe that right cannot overcome the reasons which the courts have uniformly ascribed for sustaining the validity of valued policy laws, and we see nothing unconstitutional in this one. It is, therefore, apparent that the statute is valid and that the trial court properly adjudged the case.

Judgment affirmed.