## TWIN CITY FIRE INS. CO. v. GRINDSTAFF.

### No. 2143.

Court of Civil Appeals of Texas. Eastland.
May 16, 1941.

Rehearing Denied June 13, 1941.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

H. F. Grindstaff, of Rotan, for appellee.

FUNDERBURK, Justice.

This is a suit upon a hail insurance policy. E. M. Grindstaff, the insured, as plaintiff, alleged that Twin City Fire Insurance Company, the defendant, had issued to him the policy insuring his two-thirds interest in a crop of barley upon a 52-acre tract of land; that the crop was, on June 28, 1940 (within the coverage period), damaged by hail to the extent of 60 per cent, or $6 per acre; that ten acres at the time of the hail had been harvested, for which credit was given upon the claim by limiting it to $252. One allegation was that said "policy is what is known as a valued policy and that the amount of damages that Plaintiff is entitled to recover to his said crop by hail injury is limited and controlled by the terms of said policy." A copy of the policy was annexed as an exhibit to the petition.

The defendant's pleading consisted of a general exception and a number of special exceptions, and a general denial.

In a non-jury trial, judgment was rendered for the plaintiff awarding him recovery of $240. The defendant has appealed.

The appellant asserts three grounds of error: First, the action of the court in overruling its general demurrer to Appellee's petition; second, the absence of any evidence to show the value of the barley crop damaged by hail; and third, the absence of any evidence showing the difference between the value of the barley crop immediately before and immediately after the hail, as also "the probable yield under proper cultivation, the value of such yield when matured and ready for sale, expenses for cultivation, gathering, preparation and transportation to market, the market value at the time of the damage not having been proved."

■ If Appellee's petition was sufficient to show that the policy in suit was a "valued policy," then, we think, such petition was not subject to general demurrer. It was alleged that the insurance contract was "a valued policy." If that was the

allegation of a fact in the sense that a pleading is required to allege facts, then the allegation is itself conclusive of the question. This question is one of some difficulty and we shall not express a definite opinion upon it; since, in our opinion, allegations of fact in the petition, even if no effect be given to the averment that it was a valued policy, reasonably imply that the contract was one of that nature.

If this conclusion be correct, then it is also determinative of the other two questions.

■ It was not necessary to allege or prove the value of the damaged crop, or the difference between such value before and after the hail; or the other matters, the absence of any evidence of which is urged. A pleading apparently not materially different from the one here was, as against (so denominated) special exceptions, but in fact general exceptions, sustained in Insurance Company of North America v. Mathers, Tex.Civ.App., 31 S. W.2d 1095, 1096. The policy involved in that case seems to be the same as the policy in the instant case, and all the reasons given by Judge Jackson as the basis of the conclusion that the policy there involved was "a 'valued policy'" apply to the policy here. The same conclusion upon a policy of the same provisions was reached in National Liberty Ins. Co. v. Herring Nat. Bank, Tex.Civ.App., 135 S.W.2d 219. Other decisions to the same effect are Saint Paul F. & M. Ins. Co. v. Pipkin, Tex.Civ.App., 207 S.W. 360; Fidelity Union Fire Ins. Co. v. Mitchell, Tex.Civ.App., 249 S.W. 536; Fidelity Union Fire Ins. Co. v. Hicks, Tex.Civ.App., 250 S.W. 1084, writ refused. A consideration of the provisions of the policy in suit in the light of the above decisions leads us to the conclusion that it was unnecessary in order to support a judgment for the plaintiff that the value of the crop destroyed, or the difference between the value of the crop damaged before and after the time of such damage, be proved.

In Twin City Fire Ins. Co. v. Turnbow, 135 S.W.2d 641, by this court, one of the grounds of attack upon the judgment was the absence of evidence showing the difference, if any, between the value of the crop before and after the hail. Appellant in that case made no contention that the contract was not a "valued policy," and appellee made no contention to the effect that

it was. It was argued by appellant that: "Surely plaintiff would be required to make some character of proof under some known rule of evidence to the damages done under the contract to his oat crop." The appellee having made no answer to that contention, it not unnaturally resulted that we did not examine the contract with any great degree of care pertaining to that question. Certainly we had no occasion to give it such consideration as would have been done had the judgment been challenged upon that point and have been attempted to be sustained on the ground that the contract was a "valued policy" and, therefore, proof of the value of the crop was not necessary. The above authorities were not cited by either party.

If on the question here we even considered the provisions of the policy as having any bearing, it was the provision of paragraph 22 which we did have occasion to state in substance as follows: "Paragraph 22 of the policy provides, in substance, that in the event the insured crop is damaged by hail the amount payable under the policy shall in no event exceed the *actual loss or damage* sustained by hail." (Italics supplied) We may have assumed that the words "actual loss or damage" meant the *value* of the crop destroyed, or difference between the value of the crop damaged before and after the hail. It is now, however, apparent that the words read in connection with the other provisions of the policy—many of them purposeless, unless the contract was "a valued policy"—reasonably had reference to loss or damage representing the percentage of injury to the crop, and not the value of the crop. In other words, as said by Judge Folley in National Liberty Ins. Co. v. Herring Nat. Bank, supra [135 S.W.2d 223], interpreting this same provision, and as had previously been said by Judge Jackson in the Mathers case, supra: "Paragraph 22 does not refer to 'the value of the crop nor the value of the wheat [barley] * * * destroyed as the measure of appellee's damages.'"

In the Turnbow case the same disposition was required to be made of the case upon other questions as was made, hence the judgment was proper; but upon the point here discussed the opinion is no longer to be regarded as expressing our views.

The three questions mentioned being the only grounds urged for a reversal of the judgment, and it being our conclusion that

they should be overruled with the result that the judgment should be affirmed, it is accordingly so ordered.