Joseph J. MORREALE, Plaintiff-
Appellant,

v.

NATIONAL FIRE INSURANCE COM-
PANY OF HARTFORD, a corpora-
tion, Defendant-Appellee.

No. 13400.

United States Court of Appeals
Seventh Circuit.

Jan. 15, 1962.

George C. Rabens, Chicago, Ill., for appellant.

Joseph H. Hinshaw, Leonard I. Hatch, Jr., Oswell G. Treadway, D. Kendall Griffith, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity suit to recover proceeds of an insurance policy covering loss by theft of plaintiff's automobile. Verdict, and judgment for $7,612.02, were in plaintiff's favor. He refused defendant's check for that amount and the check was deposited with the clerk of the trial court. Plaintiff has appealed.

Plaintiff bought the Chrysler automobile, specially built for a queen's coronation, in September, 1955 for $15,000.00. Defendant's policy insuring plaintiff against loss by theft of the automobile was issued September 26, 1955. The automobile was stolen a month later. Defendant refused to pay the loss and this suit followed.

Plaintiff claimed payment of $14,950.-00, being the maximum coverage less

$50.00 deductible, under the policy. The trial court construed the policy to limit the claim to the actual cash value at time of loss. The jury was instructed accordingly, and on the evidence before it returned a verdict of $5,400.00. The court, on motion, added the amount of unearned premium and statutory interest and entered the judgment subject of this appeal.

The vital question is whether the trial court erred in construing the policy as an "actual cash value" rather than a "value form" policy. The face of the policy, so far as relevant, provides:

| COVERAGES | LIMITS OF LIABILITY * * * |
|---|---|
| * * * | |
| D Comprehensive—Loss of or Damage to the Automobile, except by Collision or Upset but including Fire, Theft and Windstorm | $15,000.00 with $50.00 Deductible |
| E Collision or Upset    CLASS: | Actual Cash Value less $50.00       deductible |

\* \* \*

No pertinent case has been cited by either party, and we have found none, involving the question at issue, with respect to insurance on an automobile. Plaintiff relies upon Twin City Fire Ins. Co. v. Grindstaff, 152 S.W.2d 845 (Tex. Civ.App.1941); Lee v. National Liberty Ins. Co. of America, 35 F.Supp. 898 (N.D. Tex.1940); Hartford Live Stock Ins. Co. v. Gibson, 256 Ky. 338, 76 S.W.2d 17 (1934).

In Hartford the Court of Appeals of Kentucky held that the policy there having estimated the value of a horse "must yield to the peremptory mandate" of the Kentucky "Valued Policy Statute" which made insurers under such policies liable for the full amount of the estimated value, regardless of any term of limitation. The Court of Civil Appeals of Texas in Grindstaff held the policy there was a "valued policy." It decided the limit referred to the amount of damage of the crop, and not to its value, and said that many of the provisions of the policy were "purposeless, unless the contract was a valued policy." In Lee, the United States District Court for the Northern District of Texas held the policy was not an "open policy" [1] because the "value of the crop * * * seems to have been agreed upon as liquidated damages."

There is no express agreement in the instant policy placing a value of $15,000.00 on the automobile. It states the purchase price of the automobile at $15,000.00 and limits liability to "$15,000.00 with $50.00 Deductible." The mere statement of the amount of insurance, however, does not create a "valued policy," that is, one in which the parties "substitute their present assessment for the result of a later controversy." [2] St. Paul Fire & Marine Ins. Co. v. Pure Oil Co., 2 Cir., 63 F.2d 771 (1933).

Condition 14 in the policy has a bearing on the intention of the parties.

1. An "open policy" is what is called here an "actual cash value policy," and is "open" because liability remains to be determined.

2. A "valued form" policy is also described as one in which the parties have agreed upon the value in the event of a future loss. 1 Couch, Insurance, § 1.81 (2d ed. 1959).

It provides "the limit of the company's liability for loss shall not exceed either (1) the actual cash value of the automobile * * * at time of loss, or (2) what it would then cost to * * * replace the automobile * * * with other of like kind and quality * * * or (3) the applicable limit of liability stated in the declarations." This condition covers D, pertinent here, as well as items listed on the face of the policy under the words "Actual Cash Value less $50.00 deductible." Item D is not listed under those words.

Condition 14, so far as applicable, purports to limit liability for the instant theft to the actual cash value or the cost of replacement with another automobile like plaintiff's or to $14,950.00. Obviously defendant did not intend to replace plaintiff's automobile with one like it, for it was specially made at a cost of $50,-000.00 or $60,000.00." Defendant's liability therefore must be either cash value when stolen or $14,950.00. It cannot be both, for the cash value of plaintiff's automobile was $5,400.00. The reasonable inference is that this clause limits defendant's liability to actual cash value within $14,950.00. This inference is supported by Condition 13 which provides that if the insured and company would fail "to agree as to the amount of loss" competent and disinterested appraisers shall be selected. The idea of appraisal is opposed to the concept of a "value form" policy.

At first impression an ambiguity appears on the face of the policy because of a failure to include Item D under the qualifying words "Actual Cash Value less." The indication is that, Item D not being qualified, defendant was bound to pay plaintiff the maximum limit. The apparent ambiguity, however, is obviated by Conditions 13 and 14. Furthermore, other items are also excluded from beneath the qualifying words which cannot be considered as having been "valued at," St. Paul Fire & Marine Ins. Co. v. Pure Oil Co., 2 Cir., 63 F.2d 771 (1933), the figures opposite them, for instance: A Bodily Injury Liability $100,000.00

each person, B Property Damage Liability $10,000.00 each accident. Finally, the $50.00 deductible in Item D indicates, not an intention to pay $14,950.00, as claimed by plaintiff, but an intention to obviate defendant's necessity of dealing with very small items of damage. The inference is that defendant would limit its liability to claims between $50.00 and $14,950.00.

We think the policy is an actual cash value policy, for it contains no words showing what the property is "valued at," St. Paul Fire & Marine Ins. Co. v. Pure Oil Co., supra, but on the contrary shows an intent to agree upon or prove value in case of loss. Ibid.

■ We see no error in the trial court's excluding from evidence several pages of the standard rate book offered by plaintiff. The offer was made in support of plaintiff's theory that the premium charge was excessive for an actual cash value policy and that it therefore must be a value form policy. The court in Hartford said that "the premium may be resorted to as a guide to discover the amount intended to be insured." The pages excluded, however, gave only actual cash value rates for ordinary private passenger automobiles and custom-built Chrysler automobiles. There is a paragraph, on an excluded page, dealing with specially built cars providing for determination of the rate "from the cost new to the original retail purchaser" but there was no evidence of this "cost new" on which to base admission of this part of the book. The court admitted pages bearing on antique automoboiles, for defendant classified plaintiff's automobile in that way to arrive at its premium.

The automobile was unique, but not antique. Because it was unique, no rate in the book applied to it and defendant was free in making its contract to decide what the classification and premium should be. It was not bound to charge the antique rate in the book for a non-antique automobile, even though it classified it so for premium-making purposes; or to charge the rate of any custom-built Chrysler for plaintiff's specially

built Chrysler. The excluded evidence was not conclusive but would have been, if admitted, relevant only to determine the intention of the parties.

We have considered the points raised necessary to our decision. For the reasons given, the judgment is affirmed.