## HAWTHORNE et. al. v. UNITED STATES
(two cases).

### Nos. 9545, 9546.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1940.

S. L. Lewis, of Dallas, Tex., for appellants.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and John S. L. Yost and W. Carroll Hunter, Sp. Assts. to the Atty. Gen., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

These two cases present similar facts and are controlled by the same legal principles. They will be disposed of in one opinion as was done in the court below. See United States v. Hawthorne, D.C., 31 F.Supp. 827, decided March 11, 1940, to which reference is made for a statement of the questions presented.

Since the decision of the court below in this case, we have upheld the constitutionality of the cotton-marketing quota provisions of the Agricultural Adjustment Act of 1938, 52 Stat. 31, as amended, 7 U.S.C.A. § 1281 et seq. Troppy v. La Sara Farmers Gin Co., 5 Cir., 113 F.2d 350. We adhere to that ruling and, therefore, it is unnecessary for us to decide whether or not the appellants are estopped to present its defenses predicated upon the alleged unconstitutionality of the aforesaid act.

The act being constitutional for the reasons given in the Troppy case, supra, the appellants had no real defense to these two suits, and the summary judgments were properly entered. American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732.

Appellants' counterclaim is not one upon which the United States has consented to be sued. We dealt with a similar claim in Cook v. United States, 5 Cir., 115 F.2d 463, and on the authority of that case, decided November 15, 1940, we hold that the court below committed no error in dismissing the counterclaim. The judgment of the district court is affirmed.