UNITED STATES v. R. L. DIXON & BRO.,
Inc., et al.

No. 322.

District Court, N. D. Texas, Dallas Division.

Dec. 23, 1940.

S. L. Lewis, of Dallas, Tex. for the motion.

W. Carroll Hunter and John S. L. Yost, Sp. Assts. to Atty. Gen., and Clyde O. Eastus, U. S. Atty., and John A. Erhard, Asst. U. S. Atty., both of Dallas, Tex., opposed.

E. F. Kucera, of Dallas, Tex. for defendant.

ATWELL, District Judge.

The United States sued the defendant for the 3 cents per pound statutory penalty for the alleged purchase of three lots of cotton totaling 622 bales, 292,007 pounds, from third-party defendant Hawthorne, in the fall of 1939.

The allegation is, that R. C. Hawthorne and his sons, R. A. and Raymond Hawthorne, operated four farms from which the cotton was marketed. That at the time of the purchase of the cotton by the defendant, none of it was identified as subject, or as not subject, to the marketing penalty imposed by Sec. 348 of the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C.A. § 1348. That in the absence of such identification, all of such cotton is deemed to be subject to the penalty, and that the total amount thereof is $8,760.21, for which judgment is asked.

Thereafter, within the proper time, the defendant asked to have the present third-party defendants so made. The application alleged that the cotton was purchased by the defendant from R. C. Hawthorne, who acted for himself and for the other two third-party defendants, and that he represented that the cotton was penalty free, and, relying upon that representation, full payment was made. That the said Hawthorne executed written contracts guaranteeing the defendant against any claim which might arise from mortgages, loans, liens, or other encumbrances. It, therefore, prayed judgment against the third-party defendants for such sums as might be adjudged against it in favor of the plaintiff.

Upon being made parties, the Hawthornes filed this motion asking for a "clarification" of allegations contained in certain paragraphs of the plaintiff's complaint.

They wish to know the manner and kind of "identification" that was made on the cotton. They wish information about the number of acres that they operated in the

counties of Dallas and Kaufman, and the specification of the designation and identification of tracts of land by serial numbers. They also ask that the plaintiff "be ordered and required to specify how the acreage allotment was set for the state, and by whom, and when and what mechanical basis ruled; how the acreage was set for the counties of Dallas and Kaufman, and by whom, and when, and the basis thereof; the acreage allotment for the individual farms in Dallas county, and by whom, and when allocation was made; and was the same done by agents of the United States, and if so, how were they appointed, and what were their powers. What was the mathematical basis and rule employed by such person in making such calculations; substantially the same information for Kaufman county; whether the same allotment was made for Dallas county and for Kaufman county; whether the entire allotment was planted in the year 1939, and if not, the exact amount of acreage not so planted; that if the allotment was not completely planted in Dallas and Kaufman counties, what would be the farm acreage allotment of the third-party defendants in such counties, and has it been raised; has the entire acreage allotment granted to such counties been expended in permissible production; who calculated the normal yield for the third-party defendants' farm; what was the authority for such person; what basis in mathematics was used in arriving at the calculation; how and under what conditions was identification of the cotton made; that the plaintiff be required to allege the nature of a permitted appeal from the allotment setting; the jurisdiction and power of such review by the appeal body; the nature of any appeal permitted from the setting of marketing quota; the jurisdiction, power and authority of such appeal body."

The appeal for this information is made under subdivision (e) of Rule 12 of Civil Procedure, 28 U.S.C.A. following section 723c. That rule offers as the reason for the permission to so ask for particulars that the allegations of the plaintiff's complaint are not sufficiently definite or particular to enable a party to properly prepare responsive pleading or for trial.

Neither of those defects are apparent in the complaint. It is particularly full in that it pleads both the statute and the regulations made under the authority of the statute. Methods of calculation, and the making of allotments, and the fixing of quotas, are all described with particularity in the statute and in the regulations. Those matters are pure questions of law. There is no defectiveness in the plaintiff's pleading because of lack of definiteness or particularity.

The request for a specification of the conditions precedent may not be granted because subdivision (c) of Rule 9, Civil Procedure, provides that in pleading the performance of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed. It is the denial of performance that must be made specifically and with particularity.

Paragraph 3 of the complaint pleads, "After the performance and occurrence of conditions precedent contained in the applicable provisions of the Act and regulations of the Secretary of Agriculture issued under the authority of the Act," etc. It also may be observed that the same paragraph states that, "The marketing quotas were established under Part IV of sub-title (b) of Title III of the Act [7 U.S.C.A. § 1341 et seq.]."

The complaint also gives a description of the third-party defendants' farms, their serial numbers, the marketing quota of each, and the production.

It also may be stated that the statute places upon the producer the duty to see that his cotton is identified at the time of marketing.

In addition to the fullness of the complaint, both as to citation of facts and as to references to the applicable statutes and regulations, it may be that the third-party defendants' efforts to question allocation and quotas, and authority of officials, comes too late. The statute, which has been sustained by the courts, gives the farmer the right to have allocation and quotas contested. If the farmer does not see fit to make such a contest at the time given by the statute, he is not permitted to question the law and the regulations after the production and marketing of his crop. United States v. Hawthorne, D.C., 31 F.Supp. 827, affirmed, 5 Cir., November 22nd, 1940, 115 F.2d 805; Hawthorne v. Fisher, D.C., 33 F.Supp. 891.

The motion is overruled.