BOWLES, Adm'r, OPA, v. COHEN et al.

No. 3588.

District Court, E. D. Pennsylvania.

Aug. 17, 1944.

Robert J. Callaghan, Dist. Enforcement Atty., and William N. J. McGinniss, Chief Litigation Atty., both of Philadelphia, Pa., for plaintiff.

Charles A. Wolfe and Montgomery, Mc-Cracken, Walker & Rhoads, all of Philadelphia, Pa., for defendants.

GANEY, District Judge.

This is a motion by the defendants to dismiss for lack of jurisdiction as well as a motion for a more definite statement.

The plaintiff as Administrator of the Office of Price Administration filed a bill of complaint against the defendants alleging a violation of Maximum Price Regulation No. 215, as amended, praying for injunctive relief and asking treble damages for certain violations. The complaint enumerates specific sales of softwood to the Barclay White Company at prices over and above those fixed as the maximum prices for such softwood. It further avers that all the sales referred to in the bill were "distribution yard sales" and that all of the purchases by the Barclay White Company, to wit, the buyer from the defendants, were made in the regular course of trade or business and that all of the violations occurred before March 30, 1943.

In support of the motion to dismiss, the defendants allege three grounds. For the first ground the defendants allege that the court has no jurisdiction over the person of the plaintiff because the pleadings join two causes of action, one for an injunction and the other for damages. In connection therewith, Federal Rules of Civil Procedure, rule 8(a) (3), 28 U.S.C.A. following section 723c, is pertinent, which provides as follows: "A pleading * * * shall contain * * * (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." While under the previous practice, where the procedure in law and equity were separate, such a prayer might have been deemed improper. However, under the united procedure contemplated by the Federal Rules, a claimant may pray for all relief, legal or equitable, to which he is entitled as a matter of substantive right. As is stated in Moore's Federal Practice, Volume 1, page 556, in discussing Rule 8(a) (3): "It is, of course, proper under the united procedure contemplated by the Federal Rules in which all relief, formerly legal or equitable may be obtained—under which a suitor is not to be turned out of court, as formerly, because he came in at the wrong door".

Further, the defendants in their motion state that: "There is no averment in the complaint suggesting that the buyer in ques-

tion is not entitled under the Act to bring suit or action upon the alleged cause complained of".

Section 205(e) of the Act, 56 Stat. 33, 50 U.S.C.A. Appendix, § 925(e), provides: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring action either for Fifty Dollars ($50.00) or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the Court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. * * *"

It would seem to me from a simple reading of the section, that since the purchases were made as averred in Paragraph Sixteen (16) of the complaint: "* * * in the course of the trade or business of said Barclay White Company", that it is clear the purchaser has no right of action because such only exists if the purchase is made other than in the course of business, and accordingly since the buyer is not entitled to bring suit, the right to so do is vested in the Administrator. Bowles v. Chew, D.C., 53 F.Supp. 787.

The defendants further contend that the Price Administrator is not empowered under Section 205(e) to institute suit in his own name, but is only authorized to bring such action on behalf of the United States. However, the prayer specifically states that demand is not made for the benefit of the Administrator but "on behalf of the United States". This statement follows the language of the Act, and the averment sustains the Administrator's right to maintain the action in its present form. Kennedy v. Gibson, 8 Wall. 498, 19 L.Ed. 476; E. I. Du Pont de Nemours & Co. v. Davis, 264 U.S. 456, 44 S.Ct. 364, 68 L.Ed. 788.

The defendants' second ground on which they ask for the dismissal of the complaint is that the Maximum Price Regulation No. 215 as well as numerous other regulations of the Act are indefinite, conflicting and arbitrary, and if the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 901 et seq., is interpreted to make the same enforcible, the Act is unconstitutional. The constitutionality of the Act was upheld by the Supreme Court in the case of United States v. Yakus, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, and accordingly there can no longer be any question of its constitutionality. With respect to any particular price regulation the validity of the same is to be determined by an Emergency Court of Appeals, appointed by the Chief Justice of the United States. To that court is committed the exclusive jurisdiction to consider constitutional and other objections to any maximum price regulation and to affirm or set aside the same in whole or in part. This judgment however is subject to review by certiorari to the Supreme Court of the United States. Accordingly, Section 204(d) of the Act provides as follows: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation, or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, * * * or to restrain or enjoin the enforcement of any such provision."

Therefore, it would seem that this court is without jurisdiction to consider any challenge which might be made to the constitutional validity of any maximum price regulation. This, of course, does not preclude the court from considering the constitutionality of the Emergency Price Control Act itself, but since the decision in United States v. Yakus, supra, it would seem that such consideration is no longer necessary.

Further objection is made to the bill of complaint in that the injunction sought against the defendants is too broad. However, in view of the general doctrine laid down by the Supreme Court in National Labor Relations Board v. Express Publish-

ing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L. Ed. 930, in which the court held: "A federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." (312 U.S. at page 435, 61 S.Ct. at page 699) * * * "To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past." (312 U.S. at page 437, 61 S.Ct. at page 700). It would seem that the relief prayed for here is not beyond that which is justified, since the defendants are charged with having made numerous specific over-ceiling sales, and the enjoining of acts in violation of any lumber regulation is but a reasonable application of the injunctive power. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754.

▆▆▆ In addition to the reasons hereinabove mentioned for the dismissal of the complaint, the defendants move the court to require the plaintiff to file a more definite statement of their alleged claim by stating what is meant by the term "distribution yard sales" as used in the complaint. The complaint clearly states that "all transactions here referred to were 'distribution yard sales' within the purview of Maximum Price Regulation No. 215". Accordingly, all the defendants have to do is to read the definition of "distribution yard sales" as set forth in the regulation, and it is not incumbent on the complainant to draw any legal conclusion with respect thereto for or on behalf of the defendants by way of a more definite statement. In addition the complainant is asked to state in what respect the sales by the defendants, which are the basis of the action, constitute "distribution yard sales" as used in the complaint. Here again the defendants have equal knowledge of the facts respecting the particular transactions referred to and they likewise have access to the regulation. Paragraph Sixteen (16) of the bill avers that: "All of said sales were in quantities of five thousand (5,000) feet or more to a contractor or subcontractor of the United States or an agency thereof for use of such lumber to fulfill a contract with the United States or an agency thereof". There is sufficient set forth in the complaint to enable the defendants to compare their conduct with the definition of "distribution yard sales" as set forth in the regulation and thus to determine for themselves if there were such "distribution yard sales" within the purview of the regulation. Further the complainant is asked to state what provisions of the said Maximum Price Regulation No. 215 are alleged to fix the prices for the lumber sold by the defendants, which are the subject of the alleged cause of action, as well as to state the method by which were calculated the various maximum prices alleged by the plaintiff to be permitted to be charged by the said Maximum Price Regulation No. 215, for the lumber referred to in paragraph five (5) to fifteen (15) inclusive of the complaint, by stating particularly the maximum price alleged to be permitted under the said Regulation for each of the various sizes and grades of lumber sold by the defendants to the Barclay White Company. With respect to the request that the Government state what provisions of the Regulation No. 215 are alleged to fix the prices for the lumber sold by the defendants, it is submitted that this information is available by a reading of the regulation, and accordingly is equally available to the defendants as well as to the plaintiff.

▆▆▆ With respect to the request that the complainant give the method which it used in calculating the various maximum prices which the complainant contends are fixed by Regulation No. 215 for the various grades and sizes of lumber, it is submitted that these are pure questions of law, and it is not necessary for the government to set out a conclusion as to what the mechanics were by which were calculated the various lumber prices. United States v. R. L. Dixond & Bro., Inc., et al., D.C., 36 F.Supp. 147. It seems to me there are sufficient factual averments here to enable the defendants to properly prepare a responsive pleading.

Accordingly, both the motion to dismiss and the motion for a more definite statement are denied.