PORTER, Price Adm'r, v. PINCH.

No. 5060.

District Court, E. D. Michigan, S. D.

April 13, 1946.

Theron M. Hall, Fred W. Lindbloom, and E. J. Scallen, all of Detroit, Mich., for plaintiff.

Burton G. Cameron, of Charlotte, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. This action was instituted by the Administrator of the Office of Price Administration, seeking treble damages and an injunction restraining violations of the Emergency Price Control Act of 1942, as amended, predicated upon sale by defendant, Glenn T. Pinch, of a used automobile and a used mechanical refrigerator in Eaton County, Michigan, on January 23, 1945.

2. Defendant resides in Charlotte, Eaton County, Michigan, and is there engaged in the auctioneering business. He acted as auctioneer at the aforesaid sale, which was a sale of the assets of a decedent's estate pursuant to an order entered January 22, 1945, by the Probate Court for Eaton County, Michigan. This order directed Arthur E. Crook, Administrator of the Estate of Rex D. Snoke, Deceased, to sell the assets of the estate, including the commodities in question, at public auction for the highest price obtainable. At the time of his employment as auctioneer prior to the sale, defendant was directed verbally by the Probate Judge, the Estate Administrator and his attorney, to sell for the highest price obtainable, and was advised by said Administrator and his attorney that this was a judicial sale, and, therefore, not subject to regulations issued under the Emergency Price Control Act, 50 U.S.C.A. Appendix § 901 et seq., fixing maximum prices. This advice was predicated upon the case of Speicher v. Sowell, 309 Mich. 54, 14 N.W.2d 651, decided May 17, 1944, rehearing denied June 30, 1944, where, in an equally divided opinion, the Michigan Supreme Court affirmed a decision that the Emergency Price Control Act and regulations issued thereunder could not apply to liquidation sales in state court proceedings. Since that case was decided, the following cases have followed the reasoning of the dissent therein, namely. Rugg v.

Office of Price Administration, Ohio App., 62 N.E.2d 279, decided May 25, 1945; Bowles v. Skaggs, 151 F.2d 817, decided November 12, 1945, by the Sixth Circuit Court of Appeals; Case v. Bowles, 66 S.Ct. 438, and Hulbert v. Twin Falls County, Idaho, 66 S.Ct. 444.

3. The automobile in question was a used 1942 Plymouth four-door sedan, which was sold for $1,365.00, being $325.00 in excess of the maximum price established therefor by Maximum Price Regulation 540, issued under authority of the Emergency Price Control Act.

4. The refrigerator in question was a used mechanical refrigerator, which was sold for $200, being $109.95 in excess of the maximum price established therefor by Revised Maximum Price Regulation 139, issued under authority of the Emergency Price Control Act.

5. Although Supplemental Order 10, as amended and revised, under authority of the Emergency Price Control Act, excepted judicial sales of some commodities, at the time of the sale in question, used automobiles, covered by Maximum Price Regulation 540, and used mechanical refrigerators, covered by Revised Maximum Price Regulation 139, were not included within the classes of commodities excepted from price regulation by the judicial sale exception.

6. This case was submitted upon a stipulation of facts and written briefs, and a formal trial date was set by order of the court to permit either side to submit any additional proof or law. Nothing further was presented.

7. There is no admission, proof or stipulation touching the subject of whether or not the purchasers in question purchased the automobile or refrigerator for use or consumption in the course of trade or business, nor as to whether or not any individual treble damage actions were instituted by the purchasers prior to institution of this suit by the Administrator of the Office of Price Administration on July 10, 1945.

8. In a communication dated March 15, 1946, forwarding copies of the various regulations to the court, counsel for plaintiff called attention to Second Revised Supplemental Order 10, issued November 26, 1945, which provided that after its effective date, December 1, 1945, sales of the class of commodities here involved were included within the judicial sale exception to price regulation, and stated further, "consequently,

in so far as the injunctive feature of our case is concerned, the argument presented in the brief is no longer pertinent and an injunction would be relief to which we believe we are no longer entitled, and, of course, do not presently desire."

9. Eaton County, where the defendant herein resides and transacts business, where the acts and transactions constituting the alleged violations occurred, and where defendant was served with process herein, is not located in this Eastern District of Michigan, but is in the Southern Division of the Western District of Michigan. See: 28 U.S.C.A. § 168.

10. Defendant appeared generally by attorney, filed an answer admitting the jurisdiction of this court, and neither defendant nor plaintiff has raised any question as to, nor discussed, venue of this action.

### Conclusions of Law.

1. The District Courts of the United States have jurisdiction of civil proceedings, such as this action, brought to restrain violations of the Emergency Price Control Act and for treble damages thereunder. 50 U.S.C.A. Appendix 925(a), (c) and (e).

2. Venue of civil actions brought in the District Courts by the Administrator of the Office of Price Administration, to restrain violations of the Emergency Price Control Act, lies in a district in which some part of any act or transaction constituting the violation occurred or in the district in which the defendant resides or transacts business. 50 U.S.C.A. Appendix 925(c).

3. Venue of a civil action brought in the District Court under the so-called treble damage provision of the Emergency Price Control Act lies in the district in which the defendant resides or has a place of business, an office, or an agent. 50 U.S.C.A. Appendix 925(c).

4. Venue is a personal privilege, which a defendant may waive, and, where, as here, a defendant appears generally and defends an action over which District Courts have jurisdiction, without raising the question of improper venue either in his answer, by motion, or otherwise, he waives any objection he may have had to venue. Rule 12(b) and (h), Fed.Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; 3 Hughes, Federal Practice, Jurisdiction & Procedure, § 2223.

5. Where, as here, the Administrator of the Office of Price Administration, in an action for an injunction and treble damages based upon alleged violations of the Emergency Price Control Act and regulations issued thereunder, withdraws his request for injunctive relief because the regulation fixing maximum prices has been amended to exclude future sales of the type in question, the count requesting injunctive relief should be dismissed.

6. As to the two counts herein for treble damages, the same were timely, this action having been instituted within one year of the impugned sale. 50 U.S.C.A. Appendix § 925(e).

7. The statutory provisions, giving a right of action for treble damages against sellers where sales of commodities are made in violation of the Emergency Price Control Act and regulations issued thereunder, are mutually exclusive and give but one right of action either to the Administrator or to the purchaser, but not to both. 50 U. S.C.A. Appendix § 925(e).

8. Where, as here, it does not appear whether or not the purchasers purchased commodities for use or consumption in the course of trade or business, nor as to whether or not any individual treble damage actions were instituted by the purchasers prior to institution of suit by the Administrator of the Office of Price Administration, the plaintiff has not established his right to damages under the so-called treble damage section of the Emergency Price Control Act. 50 U.S.C.A. Appendix § 925 (e).

9. Accordingly, judgment is being entered simultaneously herewith, dismissing the complaint herein.