BURNS v. DONOHUE et al.
Civ. No. 10253.

District Court, D. New Jersey.
July 29, 1948.

108

Max S. Fox, of Atlantic City, N. J., for plaintiff.

Saul W. Arkus, of Newark, N. J., for defendants.

MADDEN, District Judge.

This is treble damage action for over-ceiling charge of rent commenced under the Emergency Price Control Act, Title 50 U.S.C.A.Appendix, § 901 et seq., and in particular, under § 205(e), Title 50 U.S.C.A.Appendix, § 925(e). The matter was tried by the court. ·

The suit was instituted by the individual plaintiff, Delia Burns, for $5,586, being three times the alleged overcharge of $1,862 for the rental of premises 13 South Maryland Avenue, Atlantic City, New Jersey.

The facts briefly are these. On May 7, 1946, the defendant, Catherine E. Donohue, by written lease (Exh. P. 2) leased premises 13 South Maryland Avenue, Atlantic City, New Jersey, to plaintiff, Delia Burns, for a term beginning May 20, 1946 and ending September 30, 1946, for a price or rental of $2,100.

The premises in question consists of a furnished dwelling containing fourteen rooms, two baths and lavatory, and the lease, among other things, provides as follows: "and the said Lessee does hereby covenant and agree to and with the said Lessor * * * not to * * * use nor permit any part thereof to be used for any other purpose than rooming house and apartment."

On February 21, 1947, the area rent director, after complaint to him and hearings thereon, made an order (Exh. P. 1) decreasing the maximum legal rent from $484.60 per month to $55 per month, effective as of May 7, 1946, and directed the landlord, Catherine E. Donohue, to refund the difference to the tenant within 30 days of the date of the order. The defendant landlord did not comply and the tenant instituted this suit.

At the conclusion of the plaintiff's case the court dismissed the action as to the defendant, Frank J. Donohue, there being no connection between that defendant and the transaction.

There are many arguments raised in defense of the suit, one of which the court feels disposes of the question and will, therefore, limit the discussion to that particular issue, which is, that under the facts of the case, the plaintiff is not qualified to institute the suit because she rented the premises for use in trade or business. The statute, § 925(e), giving the right to institute treble damage action, provides:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption other than in the course of trade or business* may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. * * *

"For the purpose of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be." (Italics ours.)

It is agreed on both sides that Atlantic City, New Jersey was in defense area and the facts in the case, coupled with the lease itself, leads the court to the conclusion that plaintiff rented the premises in question for the purpose of operating a boarding house, and that she did, during the term of such rental, publicly advertise and operate the premises as a boarding house.

Does this disqualify her from maintaining this suit? As can be seen by the Act one who is overcharged in price for a commodity can maintain an action individually against the guilty party, and that rent is a commodity, according to the terms of the Act, is not open for dispute. However, does the proviso in the Act, "the person who buys such commodity for use or consumption *other than in the course of trade or business* may, within one year * * *

bring an action * * *," disqualify the tenant under this penal statute? Does the rental for re-rental in a boarding house operation take plaintiff outside the bounds of the statute?

In the case of Bowles v. Chew, D.C., 53 F.Supp. 787, 790, speaking of this section of the Act, Judge Goodman said:

"Congress said: 'the person who buys such commodity for use or consumption, *other than in the course of trade or business* may bring an action * * *.' (Emphasis supplied.) Thus is described the person who may sue. If the buyer of merchandise is not in the above described category, then 'the Administrator may bring such action * * * on behalf of the United States.' Thus is described the circumstances whereby the Administrator is empowered to sue. The Senate Report on the Act (Sen.Rep. #921, 77th Cong. 2d Sess. p. 26) indicates the foregoing to be the precise meaning intended by Congress.

"It is not subject to dispute that a 'person who buys * * * for use or consumption,' means, in the ordinary sense, the consumer, i. e. the general public buying over the counter, for its own use. In order that there might be no doubt that Congress intended this description to be in the ordinary sense, it added the excluding clause: 'other than in the course of trade or business.' Thus the tradesmen, i. e. merchants engaged in business, buying and selling between themselves, were not given the right to sue.

"It is clear to me that what Congress said and meant is that members of the general public who buy commodities, to use or consume themselves, may sue for treble damages, but that tradesmen, who deal and buy and sell between themselves in the course of business, may not sue one another."

Likewise in Porter v. Pinch, D.C., 65 F. Supp. 168, page 171, Judge Lederle said: "Where, as here, it does not appear whether or not the purchasers purchased commodities for use or consumption in the course of trade or business, nor as to whether or not any individual treble damage actions were instituted by the purchas-ers prior to institution of suit by the Administrator of the Office of Price Administration, the plaintiff has not established his right to damages under the so-called treble damage section of the Emergency Price Control Act, 50 U.S.C.A.Appendix 925(e)."

And in Bowles v. Cohen, D.C., 65 F. Supp. 499, page 501, Judge Ganey said: "It would seem to me from a simple reading of the section, that since the purchases were made as averred in Paragraph Sixteen (16) of the complaint: '* * * in the course of the trade or business of said Barclay White Company', that it is clear the purchaser has no right of action because such only exists if the purchase is made other than in the course of business, and accordingly since the buyer is not entitled to bring suit, the right to so do is vested in the Administrator. Bowles v. Chew, D.C., 53 F.Supp. 787."

And a case right on point is Ison v. Baker, D.C., 66 F.Supp. 645, page 650, wherein Judge Dimond said: "* * * When the plaintiffs took over the premises they went into the business of running a rooming and boarding house thereon and they intended to do so upon acquiring the lease. Therefore, I find that the plaintiffs in this case bought the commodity for which an overcharge was made for use or consumption in the course of trade or business. It is impossible to avoid the conclusion that the purchase was made for use in the course of trade and business, and it is equally impossible to avoid the further conclusion that the commodity was consumed, that is to say, the housing accommodations were occupied and used, in the course of trade and business. Such conclusions make inevitable the over-riding and determinative conclusion that under the provisions of Section 205(e), the plaintiffs never had authority to bring this action, and any authority to bring any action on account of the overcharge was at all times in the Administrator and not in the plaintiffs."

■ Therefore, I conclude that the renting was made for use in the course of trade and business and that the plaintiff had no authority to bring this action; that if any

authority to institute a suit for treble damages, based on overceiling rent existed, it was vested in the Administrator of the Office of Price Administration alone.

The suit accordingly will be dismissed.