ENERGY RESEARCH FOUNDATION, a Colorado non-profit corporation, on behalf of itself and each of its members; and including, both in their capacity as members of Energy Research Foundation and as individuals, Denver Brick & Pipe Co., Lakewood Brick and Tile Co., Colorado Brick Co., Robinson Brick Co., Summit Brick and Pipe Co., Claylite Concrete Products, Inc., Colorado Concrete Manufacturing Co., Cowan Concrete Products, McKinney Concrete Products, Inc., Justus Solid Cedar Homes of Colorado, Cedar Log Homes, and Valley Block Co., Plaintiffs-Appellants,

v.

David FOOTE, Executive Director, Office of State Planning and Budget, and Harold Knott, Director, Division of Housing, Department of Local Affairs, State of Colorado, Defendants-Appellees.

No. 79CA0479.

Colorado Court of Appeals, Div. II.

April 9, 1981.

Law, Clark & Scheid, P.C., Ralph M. Clark, Ralph E. Hardy, David K. Pansius, Denver, for plaintiffs-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Marcia M. Hughes, Kathy Bowers, Asst. Attys. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs appeal the summary judgment dismissing, for lack of standing, their action for declaratory judgment and for judicial review of standards adopted pursuant to the Energy Conservation Standards for Nonresidential Buildings Act (the nonresidential act), § 29–12–101, et seq., C.R.S. 1973 (1978 Cum.Supp.) and the Residential Building Energy Conservation Act of 1977 (the residential act), § 6–7–101, et seq., C.R.S.1973 (1978 Cum.Supp.). Defendants move to dismiss the appeal on the ground that the case is moot. We agree, and dismiss the appeal.

The nonresidential act, enacted effective July 1, 1977, created, as a section of the office of state planning and budget, the board for energy-efficient nonresidential

building standards (the nonresidential board). The board was to prepare and adopt energy efficiency construction standards for nonresidential buildings (the nonresidential standards). Thereafter,

"On or before July 1, 1978, the governing body of every county and municipality which has a building code shall adopt energy efficiency construction and renovation standards for nonresidential buildings as part of its building code which are as comprehensive as and no less stringent than the model standards promulgated by the board .... After said date, no building permit shall be issued without variance proceedings by such counties and municipalities for the construction or renovation of any nonresidential building unless such construction or renovation conforms to the energy efficiency construction and renovation standards adopted by the local building code enforcement authority." Section 29–12–105, C.R.S. 1973 (1978 Cum.Supp.).

By its own terms, the nonresidential act was repealed on January 1, 1980.

The residential act was also enacted effective July 1, 1977. It established minimum insulation standards for residential buildings, § 6–7–105, C.R.S.1973 (1978 Cum. Supp.), and, in § 6–7–106, C.R.S.1973 (1978 Cum.Supp.), provides that:

"No building permit shall be issued for the construction or renovation of any residential buildings in any area under the jurisdiction of a local government on or after October 1, 1977, unless such construction or renovation will conform to the provisions of [this Act] ....

"Nothing in [this Act] shall be construed to restrict or limit the authority of a county or municipality to adopt and enforce standards for efficient construction and renovation which are no less stringent than the standards contained in section 6–7–105...."

In 1979, after judgment had been entered in this action, the General Assembly repealed and reenacted § 6–7–105, C.R.S.1973 (1979 Cum.Supp.). As reenacted, that statute established specific thermal and insulation performance standards for residential buildings. By its own terms, the portion of section 105 containing the insulation standards, subsection (5), was repealed effective March 31, 1980.

Plaintiff Energy Research Foundation is a non-profit Colorado corporation whose stated purpose is improving the design, construction, manufacture, use, and maintenance of energy-related products and structures in order to promote the economic conservation of significant amounts of energy. The members, including those named as plaintiffs in this action, are manufacturers, producers, or suppliers of brick, masonry, and logs.

Plaintiffs commenced this action on July 31, 1978. They alleged that the standards included in or adopted pursuant to these acts are based upon the incorrect presumption that building materials which insulate the best are the most energy efficient. They asserted that the standards would not necessarily result in energy conservation and would, in effect, restrict the use of energy efficient designs which employ "non-insulating" materials. They also alleged that the standards thereby discouraged or implicitly precluded use of plaintiffs' building products. They prayed for: (1) a declaratory judgment, pursuant to § 13–51–101, et seq., C.R.S.1973, and C.R. C.P. 57, decreeing that the nonresidential standards, and the insulation standards contained in section 105 of the 1977 residential act are unconstitutional and invalid; and (2) judicial review of the standards under § 24–4–106, C.R.S.1973, of the Administrative Procedure Act, § 24–4–101, et seq., C.R.S.1973.

On December 11, 1978, the trial court granted defendants' summary judgment motion on the ground that plaintiffs lacked standing for judicial review or for a declaratory judgment.

Defendants contend this appeal is moot because the nonresidential act was repealed in its entirety effective January 1, 1980, section 105 of the residential act was repealed in 1979, and subsection (5) of section 105, the provision of the reenacted residen-

tial act which established specific insulation standards for residential buildings, was repealed on March 31, 1980. They assert that, therefore, the nonresidential standards adopted pursuant to that act and the insulation standards formerly contained in the residential act are now without legal effect.

Plaintiffs assert that even though the nonresidential act and the challenged portion of the residential act have been repealed, plaintiffs are still affected thereby because, as required by those statutes, individual cities, towns, and counties have adopted the standards in their own building codes and the repeal of the statutes does not repeal the local resolutions, ordinances, or regulations.

■ We agree with defendants. With the repeal of the nonresidential act, the nonresidential board (not a party to this action) went out of existence. The standards adopted by that board became null and void at the same time. *See United States v. Hawthorne*, 31 F.Supp. 827, 829 (N.D.Tex.1940), *aff'd* 115 F.2d 805 (5th Cir. 1940); *cf. State v. Sprague*, 113 R.I. 351, 322 A.2d 36 (1974). Similarly, the specific residential insulation standards which were the subject of this lawsuit were repealed after judgment was entered. Even the re-enacted insulation standards have now been repealed, so there are now no statutory insulation standards to review. "A case is moot when a judgment, if rendered, will have no practical legal effect upon an existing controversy ...." *Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968).

■ Plaintiffs' contention that these standards continue to have force and effect because they have been adopted by counties and municipalities in their building codes, even if true, provides no basis for continuing the present action. To challenge the standards adopted by local governments, the governing bodies thereof would have to be parties to the action—and none are joined in the instant case.

Because this appeal is being dismissed as moot, we do not address the standing issue.

Appeal dismissed.

SMITH and BERMAN, JJ., concur.